Where trusts under a will were not set apart until about the time of accounting, it would be improper to make them bear their pro rata share of the expenses of the principal of the estate before accounting, but such expenses should be borne by the residuary estate.

2. SAME—INCREASE IN VALUE OF PRINCIPAL.

    Trusts under a will are not entitled to share in the increase in the value of the principal of the estate before the time they were set apart, but the residuary estate is entitled to such increase.

3. SAME—DEATH OF BENEFICIARY BEFORE TRUST WAS FORMED.

    Where the beneficiary of a trust died before the trust was formed, and the amount of the trust was not paid over by the executors to themselves as trustees, commissions ought not to be allowed the trustees as such.

In the matter of the judicial settlement of the estate of Robert Irwin, deceased. On questions submitted for determination on settlement of account of executors.

    Geo. W. McAdam, for accountants.

    Wilder & Anderson, for residuary legatees.

FITZGERALD, S. The following questions of law having been submitted to me for determination on the settlement of the proposed decree settling the account of the executors herein, I decide them as follows:

"First. Should the trust for $250,000 under the sixth paragraph of the will, the trust for $250,000 under the seventh paragraph of the will, and the trust for $20,000 under the third paragraph of the will, none of which were set apart until about the time of the making of the account herein, bear their pro rata share of the expenses of principal since the last accounting, amounting to $6,734.96, as set forth in Schedule C, part 1, of this account?"

They should not. These expenses should be borne by the residuary estate.

"Second. Should the trust for $250,000 under the sixth paragraph of the will, the trust for $250,000 under the seventh paragraph of the will, and the trust for $20,000 under the third paragraph of the will, be entitled to a pro rata share of the net increase in the value of the principal of the estate of Robert Irwin, deceased, from the time he died to the date of the filing of this account, amounting to $17,701.45?"

No. The residuary estate is entitled to all the net increase in the value of the principal during the period given in the question.

"Third. Should full commissions be allowed on the above increase of $17,701.45, and upon the disbursements of principal amounting to $6,734.96? Or, should commission be allowed on $17,701.45 at the rate of one-half of one per cent. for receiving the same, and on the sum of $6,734.96 at the rate of one-half of one per cent. for paying the same?"

Commissions only at the rate of one-half of 1 per cent. can be allowed on the $17,701.45 for receiving the same, and at the same rate on the sum of $6,734.96 for paying out the same; commissions having already been allowed at the rate of 5, 2½, and 1 per cent. on nearly $700,000. The personal property of the decedent amounting to $100,000 over all his debts, each of the executors is entitled to full commissions.

"Fourth. The life beneficiary having died before the trust was formed, and the amount of said trust not having been paid over by the executors to themselves as trustees, should commissions be allowed the trustees, as such, on the $20,000 trust created under the third paragraph of the will?"

No.

In addition to the above questions, the residuary legatees have submitted 19 objections to the decree as proposed by the executors. They are all allowed, with the exception of the eleventh and four-

teenth, which are overruled, and the eighth and nineteenth, which have been withdrawn. The special guardian is allowed $200; the residuary legatees, out of whose estate it is payable, having consented thereto. Amend the proposed decree accordingly. Decreed accordingly.